**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-00154-CMA-MEH

LISA KETHLEY,

    Plaintiff,

v.

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,
a/k/a THE HARTFORD,

    Defendant.

## ORDER REMANDING CASE

This matter is before the Court on Plaintiff's Motion to Remand to State Court. (Doc. # 8.) For the reasons discussed below, Plaintiff's Motion is granted.

### I. BACKGROUND

On October 14, 2009, Plaintiff Lisa Kethley commenced this action in the Denver County District Court to recover unpaid medical payment benefits from Defendant Property & Casualty Insurance Company of Hartford a/k/a The Hartford for injuries sustained in an automobile accident. (Doc. # 1, Part 2.) Plaintiff filed a First Amended Complaint on December 14, 2009 and a Second Amended Complaint on December 21, 2009. (*Id.*, Parts 3 and 5, respectively.) In addition to a "bad faith breach of insurance contract" claim, Plaintiff asserts claims for "outrageous conduct" and "violation of the Unfair Claims Practices Act," C.R.S. § 10-3-1101, *et seq.*, under which Plaintiff seeks

two times the amount of unpaid medical benefits (base amount in excess of $2,000), reasonable attorneys' fees, and court costs, pursuant to §§ 10-3-1115, 10-3-1116.

On January 25, 2010, Defendant filed a Notice of Removal from Denver County District Court. (Doc. # 1.) On January 26, 2010, Plaintiff filed a Motion for Remand to State Court. (Doc. # 8.) Defendant filed its Response on February 16, 2010 (Doc. # 13) and Plaintiff filed a Reply on February 24, 2010 (Doc. # 14).

## II. ANALYSIS

Section 1332(a) of Title 28 of the United States Code sets forth two requirements for diversity jurisdiction. Those requirements are: (1) an "amount in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) diversity of citizenship between the parties. *See id.* Plaintiff does not contest the diversity of citizenship element, so the only question is whether Defendant has produced enough evidence to establish that the amount in controversy exceeds $75,000.

In the body of her Second Amended Complaint, Plaintiff states that Defendant's refusal to pay her medical bills "caused the Plaintiff increased physical pain and suffering; increased permanent physical impairment; emotional distress; economic losses, including but not limited to out-of-pocket payment for medical expenses in excess of $2,000." (Doc. # 1, Part 5, ¶ 9.) In no other part of the Complaint does Plaintiff attempt to quantify the damages she seeks. Plaintiff requests the following types of relief: "non-economic damages, economic damages, consequential damages, damages for The Hartford's outrageous conduct, double damages, attorney's fees,

[c]ourt costs, expert fees and other costs, and such other and further relief as the Court deems appropriate." (*Id.* at 4.)

In the Notice of Removal, as a basis for establishing diversity, Defendant points to the Denver County district court's civil cover sheet on which Plaintiff indicated that "Simplified Procedure under C.R.C.P. 16.1, does not apply to this case because . . . [t]his party is seeking a monetary judgment for more than $100,000.00 against another party . . . ." (Doc. # 1, Part 9.)

This Court previously addressed the significance of the election of non-simplified procedure under the Colorado Rules of Civil Procedure made in the state court Civil Cover Sheet. As discussed in *Baker v. Sears Holding Corp.*, 557 F. Supp. 2d 1208 (D. Colo. 2007), such election, by itself, does not demonstrate that requisite amount in controversy to establish diversity jurisdiction.

Given the Civil Cover Sheet's insufficiency to satisfy the requisite jurisdictional amount, the Court must look to other possible sources to determine the sufficiency of the amount in controversy. In *McPhail v. Deere & Co.*, 529 F.3d 947 (10th Cir. 2008), the Tenth Circuit recognized that, although a plaintiff who files an action in federal court need only make general or conclusory allegations that the amount in controversy exceeds $75,000, a defendant seeking removal must "prove jurisdictional facts by a preponderance of the evidence." *Id.* at 952-53. With regard to such "proof," the court noted that there is little "evidence" which can be presented at the time of removal. Aside from the complaint and notice of removal, other potential sources of evidence

include interrogatories obtained in state court before removal was filed, a proposed settlement amount, or affidavits. *See id.* at 956.

In the instant case, Defendant asserts the following, in support of its contention that the $75,000 statutory threshold has been met:

    (1)    In advance of commencing this action, Plaintiff submitted a settlement demand of $250,000 to Defendant in connection with her Uninsured/ Underinsured Motorist and Medical Payments Coverage claims.

(Doc. # 13 at 1-2.)

    (2)    Plaintiff's Original Complaint asserts that she is entitled to "full" Medical Payments Coverage for her injuries and her Second Amended Complaint is accompanied by a declarations page of the Hartford insurance policy, which reflects that Plaintiff has $100,000 limits for Medical Payments Coverage.

(*Id.* at 5-6.)

    (3)    Plaintiff seeks recovery of non-economic damages, which amount will satisfy the statutory threshold and can be derived from Plaintiff's $250,000 pre-litigation settlement demand. The insurance policy benefits available at the time of Plaintiff's settlement demand letter totaled $105,025.63 ($45,000 from the Uninsured/Underinsured Motorist Policy and $60,025.63 under the Medical Payments Coverage Policy). Accordingly, subtracting the sum of available benefits from the $250,000 settlement demand yields $144,974.37 in non-economic damages.

(*Id.* at 7-8.)

    (4)    Plaintiff claims that she is entitled to two times the full amount of unpaid medical benefits, in addition to reasonable attorneys' fees. The available amount of unpaid medical payment coverage benefits is $60,025.63. Doubling that figure amounts to $120,052.26.

(*Id.* at 8.)

4

However creative Defendant's reasoning may be, the Court finds that such reasoning inadequately satisfies the statutory threshold for diversity jurisdiction. The Court will address each of Defendant's aforementioned four points in turn.

First, Plaintiff's pre-litigation settlement demand is inapposite to the instant statutory threshold determination. In her Reply brief, Plaintiff explains that her pre-litigation settlement demand made claims for underinsured motorist benefits and bad faith related to Defendant's refusal to pay underinsured motorist benefits. However, the Second Amended Complaint makes no demand for underinsured motorist benefits because Plaintiff's policy does not provide underinsured motorist benefits in the instant circumstance. (Doc. # 14 at 1-2.)

Second, allegations and requests for relief contained in the Original Complaint are irrelevant to the consideration at hand because Plaintiff has since filed two amended complaints. Though an insurance policy Declarations page is attached to the Second Amended Complaint, it alone is insufficient to establish the amount in controversy. The Declarations page simply indicates the existence of certain insurance coverage and policy limits. The Declarations page does not identify the sum of denied benefits. That information is in the Second Amended Complaint, which identifies the sum of denied benefits as "in excess of $2,000." (Doc. # 1, Part 6.)

Third, Defendant's reliance on the remaining amount of available benefits under the Uninsured/Underinsured Motorist and Medical Payments Coverage policy provisions is misplaced. As previously discussed, Plaintiff's Second Amended Complaint makes

5

no demand for uninsured motorist benefits.  To the extent that Plaintiff seeks reimbursement under the medical payments coverage policy, Plaintiff does not seek reimbursement in an amount equal to the remaining benefits ($60,025.63).  Rather, Plaintiff seeks reimbursement for "two times the amount of unpaid medical benefits [*i.e.*, an amount in excess of $2,000]," pursuant to C.R.S. § 1115.  (Doc. # 1, Part 5, ¶ 23.)

Further, Defendant's reliance on Plaintiff's request for non-economic damages is also misplaced.  The Second Amended Complaint sets forth no means by which the Court can attempt to quantify the requested non-economic damages.  Any such attempt would amount to mere and improper speculation.  *See Tafoya v. Am. Family Mut. Ins. Co.*, No. 08-cv-01656, 2009 WL 211661, at *2 (D. Colo. Jan. 28, 2009) (citing *Klein v. State Farm Mut. Auto Ins. Cos.*, 2008 WL 4948775 (D. Colo. Nov. 18, 2008)) ("conclusory assertions or outright speculation as to the amount potentially recoverable under a given theory will not suffice.").  In the two cases cited by Defendant in connection with non-economic damages, neither of which are Tenth Circuit cases, courts considered unquantified non-economic damages.  *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003); *Campbell v. Rests. First/Neighborhood Rest., Inc.*, 303 F. Supp. 2d 797, 799 (S.D. W.Va. 2004).  However, both cases are distinguishable from the instant dispute.  In *Felton*, the plaintiff asserted $40,000 in medical expenses and unquantified damages for pain and suffering.  The court determined that the amount-in-controversy will "more likely than not" exceed $75,000.  324 F.3d at 774.  In *Campbell*, the plaintiff made a $150,000 settlement demand and

6

her complaint asserted economic damages of less than $20,000, future damages, and damages for pain and suffering. The court "easily conclude[d]" that the statutory threshold was satisfied. 303 F. Supp. 2d at 799. In the instant case, Plaintiff's $250,000 settlement demand was premised, in-part, on insurance benefits to which she was not entitled, and her only quantified damages amount to over $2,000, far less than the $75,000 threshold.

Fourth, Defendant's reliance on Plaintiff's request for attorneys' fees is also misplaced. "[T]he mere fact that attorney's fees might be awarded to the Plaintiff[ ] does not establish that the fees claimed (or found to have been reasonably incurred) would exceed $75,000." *Tafoya*, 2009 WL 211661, at *2.

In sum, Plaintiff's unpaid medical payment benefits in the amount "exceed[ing] $2,000" is the only quantification of damages sought. This amount is far short of the jurisdictional prerequisite. At this early stage in the proceedings, to infer an amount in controversy would be wholly speculative. In sum, despite its highly creative attempt, Defendant has not satisfied its burden to demonstrate the necessary amount in controversy. Thus, the action must be remanded to the State Court.

Accordingly, IT IS ORDERED THAT Plaintiff's Motion to Remand to State Court (Doc. # 8) is GRANTED. It is

FURTHER ORDERED THAT this action is REMANDED to the Denver County District Court.

DATED: March   10  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge